UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

| | |
|---|---|
| BONCHON INTERNATIONAL, INC., BONCHON U.S.A., INC., and BONCHON FRANCHISE LLC, | Civil Action No.: 1:23-cv-3424-KPF |
| Plaintiffs, | |
| v. | |
| SAPPORO INC., BC ALEXANDRIA INC., BON BURKE INC., SUN M. AN, and YONG C. HAM a/k/a RYAN HAM, | |
| Defendants. | |

------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' CROSS-MOTION TO SET ASIDE DEFAULT AND ALLOWING DEFENDANTS TO ANSWER OUT OF TIME

GREENSPOON MARDER LLP
1037 Raymond Boulevard, Suite 900
Newark, New Jersey 07102
Tel: 732-456-8728

Evan M. Goldman, Esquire
*Attorneys for Defendants*

**PRELIMINARY STATEMENT**

This matter is a franchise dispute between Plaintiffs, a franchisor and its related entities, and Defendants, who are franchisees of Plaintiffs' franchise system who possess a limited proficiency of the English language and American legal system. Despite the Clerk's entry of default (see ECF No. 27), as set forth below, it is appropriate to set aside the default and permit Defendants to answer out of time. Defendants possess multiple meritorious defenses to Plaintiffs' claims, along with potential counterclaims, and their conduct prior to this Cross-Motion was not willful. Under well-settled Second Circuit precedent, as discussed below, it is appropriate to set aside default, permit Defendants to file an Answer (and likely counterclaims) out of time, and permit the case to be resolved on the merits – as opposed to the present, procedural defect. For the reasons set forth below, Defendants respectfully request that the Court grant their Cross-Motion in its entirety.

**LEGAL ARGUMENT**

"Default under Rule 55 involves two steps: the entry of the default by the clerk of the court pursuant to Rule 55(a), and the subsequent entry of a default judgment by the clerk under Rule 55(b)(1) or by the court under Rule 55(b)(2)." Todtman, Nachamie, Spizz & Johns, P.C., v. Ashraf, 2006 WL 2850210, *1 (S.D.N.Y. Oct. 4, 2006). This Court has explained, previously:

> Under Rule 55(c), the Court is authorized to set aside an entry of default for "good cause shown," and to set aside a judgment by default in accordance with Rule 60(b). It is necessary to identify the procedural posture of the case at the time an application for relief is made, because "the standard for setting aside the entry of a default pursuant to Rule 55(c) is less rigorous than the 'excusable neglect' standard for setting aside a default judgment by motion pursuant to Rule 60(b)." Meehan v. Snow, 652 F.2d 274, 276 (2d Cir.1981). Meehan holds that a district court commits reversible error if it applies the more demanding Rule 60(b) standard for relief from a default judgment to a Rule 55(c) application for relief from an entry of default.

1

> "Under Rule 55(c), the principal factors bearing on the appropriateness of relieving a party of a default are whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." Meehan, 652 F.2d at 277.

Id. Further, the Court of Appeals for the Second Circuit "has expressed on numerous occasions its preference that litigation disputes be resolved on the merits, not be default." Cody v. Mello, 59 F.3d 13, 15 (2d Cir. 1995). In general, "courts should liberally grant motions to vacate default judgments so that trial on the merits may be had and justice may be done." Brown v. DeFlippis, 695 F. Supp. 1528, 1530 (S.D.N.Y. 1988). And the decision to vacate the entry of a default and relief under Rule 55(c) is left to the sound discretion of the District Court because it in the best position to assess the individual circumstances of a particular case and to further assess the credibility and good faith of the parties." Enron Oil Corp. v. Diakuhara, 10 F. 3d 90, 96 (2d Cir. 1993).

Courts in this Circuit construe "good cause" broadly. Enron, 10 F.3d at 96. Three principal factors apply in assessing whether good cause has been shown: (1) whether the default was willful; (2) whether setting aside the clerk's entry of default would prejudice the adversary; and (3) whether a meritorious defense is presented. Enron, 10 F.3d at 96. None of these factors is determinative; each is to be weighed and balanced with the others. See Commercial Bank of Kuwait v. Rafidain Bank, 15 F.3d 238, 243 (2d Cir. 1994). Other relevant equitable factors may also be considered, for example, whether the failure to follow a rule of procedure was a mistake made in good faith and whether the entry of default would produce a harsh or unfair result. Enron, 10 F.3d at 96.

Here, the Defendants were unaware of the nature and pendency of the within litigation when they received purported notice of same. Notwithstanding the Affidavits of Service filed by Plaintiffs, Defendants were not personally served with the summonses. As to Bon Burke Inc.,

2

BC Alexandria Inc., Sun M. An, and Young C. Ham a/k/a Ryan Ham, those Defendants were not handed a copy of the summonses; rather, a copy of the summonses was apparently posted to a door at Ms. An and Mr. Ham's residence. See Declaration of Sophia Sunhim Hahm ("S. Hahm Decl."), ¶ 2; see also Declaration of Ryan Yongchan Hahm ("R. Hahm Decl."), ¶ 2. It was Defendants' understanding – which is based on a limited understanding of the English language and the American legal system – that such service was not proper. See S. Hahm Decl., ¶ 2; see also Ham Decl., ¶ 2. Accordingly, Defendants did not inform their then-attorney,[1] who *could* have guided them appropriately throughout the process. See Declaration of Richard F. MacDowell Jr. ("MacDowell Decl."), ¶ 4. Further, with respect to Sapporo, Inc., upon information and belief, the person who was purportedly served is an employee of the Herndon, Virginia location. See S. Hahm Decl., ¶ 3; see also R. Hahm Decl., ¶ 3. At that time, the employee – who was a kitchen worker – who was not authorized to accept service on Sapporo, Inc.'s behalf and never notified the individual defendants of the attempted service and, as such, until recently, Defendants were unaware of the *purported* service on Sapporo, Inc. See S. Hahm Decl., ¶ 3; see also R. Hahm Decl., ¶ 3. In light of this, Defendants respectfully submit that their conduct was not willful.

---

[1] During the relevant time period, Defendants were represented by Richard MacDowell, Esquire. See MacDowell Decl., ¶ 1. Between March and May 2023, Mr. MacDowell and counsel for Plaintiffs were in relatively-consistent communications. See id. Specifically, on or about March 24, 2023, Mr. MacDowell and David Kaufmann, an attorney for Plaintiffs, participated in a Zoom call regarding the parties' relationship. See id. at ¶ 2. The instant litigation was then filed on or about April 24, 2023. See ECF No. 1. While Plaintiffs' counsel did send a courtesy copy of the Complaint (and other then-filed documents) to Mr. MacDowell on or about April 25, 2023, counsel for Plaintiffs did not make Mr. MacDowell aware that service had purportedly been effectuated on or about June 3, 2023. See MacDowell Decl., ¶ 2. And, because of the Defendants' limited understanding of the American legal system, Defendants never made Mr. MacDowell aware of the purported service of process upon Bon Burke Inc., BC Alexandria Inc., Sun M. An, and Young C. Ham a/k/a Ryan Ham, to the extent such service was, in fact, proper. See MacDowell Decl., ¶¶ 3 – 7.

3

Setting aside the default would not cause prejudice to Plaintiffs. Courts in this Circuit are bound by the fact that "delay alone is not a sufficient basis for establishing prejudice. Instead, it must be shown that delay will 'result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion.'" Davis v. Musler, 713 F.2d 907, 916 (2d Cir. 1983). Here, Plaintiffs will not be prejudiced in any meaningful way, given that this litigation is in its early stages. In fact, no discovery has taken place. The initial pre-trial conference, which the Court rescheduled "*sine die*," was only originally set for a few days ago. See ECF No. 34. Certainly, there is no reasonable possibility of any loss of evidence, fraud, or collusion.

The Court should permit Defendants to file an answer, out of time, because they have meritorious defenses and (likely) counterclaims. A party seeking to vacate a default need not conclusively establish the validity of a defense but merely that the defense raises a serious question. Brown, 695 F. Supp. At 1530. Specifically, Plaintiff was the first to breach the terms of the Franchise Agreements and Area Development Agreement at issue in this litigation. Particularly, Plaintiff breached the territorial exclusivity afforded to Defendants' locations by opening two locations (one in Springfield, Virginia and one in Reston, Virginia), each of which is within the radius which was exclusively Defendants'. Undoubtedly, Plaintiff encroached upon Defendants' franchise and development territory, causing them significant harm and resulting in their inability to make ends meet. Beyond this, Plaintiffs' conduct – in 2022 – caused harm to Defendants. Further based on Defendants' initial investigation, Plaintiffs interfered with Defendants' prospective contractual rights; specifically, Plaintiffs undercut Defendants' ability to sell their franchises to third-parties. See MacDowell Decl., ¶ 8. Not only do Defendants have meritorious defenses against the claims in Plaintiffs' Complaint, but Defendants also likely have viable counterclaims. If

permitted, Defendants intend to assert several counterclaims for breach of contract that show that Plaintiff breached the Franchise Agreements and Area Development Agreement – before any purported breach by Defendants – and that they are liable for the losses incurred by Defendants, as described above.

In sum, the Court should vacate the default to avoid an unfair and harsh result, and allow Defendants to file an answer and assert counterclaims so that this action can be decided on its merits.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court set aside the default against them and allow Defendants to file an answer out of time.

Dated: August 1, 2023  
       Newark, New Jersey

GREENSPOON MARDER LLP

*/s/ Evan M. Goldman*  
Evan M. Goldman, Esquire  
One Riverfront Plaza  
1037 Raymond Boulevard, Suite 900  
Newark, New Jersey 07102  
Tel: 732-456-8728

*Attorney for Defendants*