UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BONCHON INTERNATIONAL, INC., BONCHON U.S.A., INC. and BONCHON FRANCHISE LLC<br><br>Plaintiffs,<br><br>v.<br><br>SAPPORO INC., BC ALEXANDRIA INC., BON BURKE INC., SUN M. AN; and YONG C. HAM a/k/a RYAN HAM,<br><br>Defendants. | Preliminary *(kpf)* ~~PERMANENT~~ INJUNCTION<br><br>Case No.: 23-cv-03424-KPF |

WHEREAS, Plaintiffs filed the Complaint on April 24, 2023; Plaintiffs served each of the Defendants with a Summons and the Complaint (Doc. No. 1) and an Order to Show Cause, dated June 30, 2023 (Doc. No. 32); and, Defendants hereby acknowledge service and receipt of the Summons and Complaint dated April 24, 2023 and the Order to Show Cause, dated June 30, 2023, and waive all defenses based upon the sufficiency of service thereof;

WHEREAS, the Complaint seeks a preliminary ~~and permanent~~ *kpf* injunction against Defendants' continued, unauthorized use of Plaintiffs' name, trademarks and proprietary information; and,

WHEREAS, the parties wish to resolve the claims seeking injunctive relief arising from Defendants' continued, unauthorized use of Plaintiffs' name, trademarks and proprietary information.

**IT IS THEREFORE AGREED, ORDERED, ADJUDGED AND DECREED** that, pursuant to Rule 65 of the Federal Rules of Civil Procedure, Defendants, their agents, servants, employees, representatives, successors and assigns, and all persons, firms, and corporations acting in concert or in participation with them, are hereby preliminarily *kpf* ~~permanently~~ enjoined from:

1. Displaying or infringing the Bonchon Design Marks (including, without limitation, U.S. Reg. No. 5596065, U.S. Reg. No. 6176828, U.S. Reg. No. 6295809, U.S. Reg. No. 6322772, U.S. Reg. No. 6343494, U.S. Reg. No. 6348858) and Trade Dress (as defined in the Complaint);
2. falsely designating the origin, sponsorship, or affiliation of Defendants' business and services;
3. using the Bonchon Design Marks or any derivative or colorable imitation thereof, or any mark that is confusingly similar thereto, (collectively, "Prohibited Marks"), in connection with the promotion, marketing, and offering of any goods or services;
4. using a telephone number listed in any telephone directory under the name "Bonchon" or any similar name or directory listing;
5. using any third-party computer application or food delivery service platforms (including, without limitation, UberEATS, Door Dash, Seamless, Grubhub and Postmates) which refer on their respective applications or platforms to Bonchon, the Prohibited Marks, or any similar designation when referring to Defendants or their Herndon, Alexandria and Burke Restaurants (i.e., Defendants cannot sell product through any food delivery service platform using the Prohibited Marks);
6. seeking to register any of the Prohibited Marks, any derivation or colorable imitation thereof, or any mark that is confusingly similar thereto;
7. making or employing any other commercial use of the Prohibited Marks;
8. directly or indirectly at any time or in any manner operating or doing business under any name or in any manner which might tend to give the general public the impression that Defendants are operating a Bonchon Restaurant by using, in any manner, or for any purpose, directly or indirectly, any of Bonchon's Prohibited Marks, Trade Dress, Proprietary Marks, confidential information, trade secrets, procedures, forms, techniques know-how or materials acquired by Defendants by virtue of the relationship established by their Bonchon Franchise Agreements'
9. making any statement or displaying any representation that is likely to lead the public to believe that Defendants' services are in any way associated with,

10. affiliated with, approved, endorsed, licensed, or authorized by, or otherwise connected with Bonchon;

11. using any false designation of origin or any other thing calculated to or likely to cause confusion or mistaken in the mind of the trade or public, or to deceive the trade or public into believing that Defendants' activities are in any way sponsored, licensed, endorsed, or authorized by, or affiliated or connected with Bonchon;

12. intentionally doing any other acts or things calculated to or likely to cause confusion or mistake in the minds of the public or to lead purchasers, consumers, or investors to believe that the services promoted or offered by Defendants emanate from or originate with Bonchon, or are somehow sponsored, licensed, endorsed, or authorized by or affiliated or connected with Bonchon;

13. engaging in any other activity constituting unfair competition with Bonchon, as defined by applicable trademark law. To be clear, Defendants are not required, by way of this Stipulated Permanent Injunction, to comply with any contractual covenants that are unrelated to Bonchon's trademarks;

14. further misappropriation or unauthorized use of Bonchon's trade secrets; and

15. aiding, assisting, or abetting any other party in doing any act prohibited by sub-paragraphs (1) through (13) above.

**IT IS FURTHER AGREED, ORDERED, ADJUDGED AND DECREED** that:

1. Defendants shall close the Herndon and Alexandria Restaurants to the public on or before August 10, 2023 and not re-open them to the public until such time as the Restaurants each have been fully de-identified in compliance with this Order;

2. Defendants shall fully de-identify the Herndon, Alexandria and Burke Restaurants in compliance with this Order on or before August 25, 2023;

3. Defendants shall provide Plaintiffs' counsel with photographs of the interior and exterior of each de-identified Restaurant on or before August 30, 2023; and

4. Defendants shall permit and cooperate with an inspection of each de-identified Restaurant by a representative of the Plaintiffs on or before September 1, 2023.

**IT IS FURTHER AGREED, ORDERED, ADJUDGED AND DECREED** that Defendants shall remove (or, as applicable, make best efforts to cause others to remove) the

3

Bonchon name and Prohibited Marks in reference to the Herndon, Alexandria and Burke Restaurants from all third-party computer application or food delivery service platforms (including, without limitation, UberEATS, Door Dash, Seamless, Grubhub and Postmates) and all directory websites (including, without limitation, Google, Yelp and similar restaurant locator sites) in compliance with this Order on or before August 30, 2023.

Kaufmann Gildin & Robbins LLP
*Attorneys for Plaintiffs*

_____
David J. Kaufmann, Esq.
Kevin M. Shelley, Esq.
767 Third Avenue, 30th Floor
New York, NY 10017
212.755.3100
dkaufmann@kaufmanngildin.com
kshelley@kaufmanngildin.com

Greenspoon Marder LLP
*Attorneys for Defendants*

_____
Evan Goldman, Esq.
One Riverfront Plaza
1037 Raymond Boulevard, Suite 900
Newark, NJ 07102
732-456-8728
evan.goldman@gmlaw.com

Dated: New York, NY
August 9, 2023

SO ORDERED:

_____
Hon. Katherine Polk Failla
United States District Judge

Dated: August 10, 2023
New York, New York